NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LIQUIDPOWER SPECIALTY PRODUCTS INC., FKA LUBRIZOL SPECIALTY PRODUCTS, INC.,**
*Appellant*

**v.**

**BAKER HUGHES, A GE COMPANY, LLC, FKA BAKER HUGHES INCORPORATED,**
*Appellee*

---

2019-1838, 2019-1839, 2019-1840

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2016-01901, IPR2016-01903, IPR2016-01905.

---

Decided:  June 17, 2020

---

EDWARD R. REINES, Weil, Gotshal & Manges LLP, Redwood Shores, CA, for appellant.  Also represented by AMANDA BRANCH; RICHARD EISZNER, MELISSA LARUE HOTZE, DOUGLAS WAYNE MCCLELLAN, Houston, TX; ELIZABETH WEISWASSER, New York, NY.

HERBERT D. HART, III, McAndrews, Held & Malloy,

Ltd., Chicago, IL, for appellee.  Also represented by AARON
BARKOFF, PETER LISH, BEN MAHON, GEORGE WHEELER.

―――――――――――――

Before PROST, *Chief Judge*, MAYER and LOURIE, *Circuit
Judges*.

PROST, *Chief Judge*.

For reasons analogous to those expressed in
*LiquidPower Specialty Products Inc. v. Baker Hughes*, 749
F. App'x 965 (Fed. Cir. 2018) ("*LiquidPower 2018*"), we con-
clude that the Patent Trial and Appeal Board ("Board")
erred by reaching its obviousness conclusion without con-
sidering the evidence of secondary considerations proffered
by LiquidPower Specialty Products Inc. ("LSPI").[1]  Accord-
ingly, we vacate the Board's obviousness determination
and remand for further proceedings.

Baker Hughes concedes that the Board's "treatment of
nexus [in this case] was substantially identical" to such
treatment in *LiquidPower 2018*.  Appellee's Br. 6.  Baker
Hughes argues, however, that any error in this case was

―――――――――――――

[1]    Like in *LiquidPower 2018*, "we need not determine
whether the presumption [of nexus] applies because there
was extensive direct evidence of nexus and arguments re-
lated thereto presented by LSPI." *LiquidPower 2018*, 749
F. App'x at 968. We acknowledge that some of the objective
evidence—such as the evidence of commercial success of
LSPI's drag reducing agent—relates to a drag reducing
agent *product*, while the claims recite *methods* for intro-
ducing a drag reducing agent into a pipeline.  However, in
appropriate circumstances, patentees can prove, through
direct evidence, a nexus between a method claim and a
product.  For reasons analogous to those discussed in
*LiquidPower 2018*, we conclude that those circumstances
are met here.  *See id.* at 968–69.

harmless because, unlike in *LiquidPower 2018*, here the
"Board explicitly rejected LSPI's 'conventional wisdom' ar-
gument which forms the basis for much, if not all, of LSPI's
objective evidence." *Id.* at 7. Specifically, the Board re-
jected LSPI's argument that, at the time of invention, "[t]he
prevailing wisdom of a person of ordinary skill" was that
"drag reducing agents ('DRAs') were not effective in heavy
crude oil." Appellant's Br. 3; *see also Baker Hughes v.
LiquidPower Specialty Prods. Inc.*, No. IPR2016-01901, Pa-
per 65, at 25–27 (PTAB Apr. 4, 2018) ("*Final Written Deci-
sion*"). The Board instead concluded that LSPI's "evidence
indicates that drag reduction with traditional DRAs was
not particularly efficient, but extant." *See, e.g.*, *Final Writ-
ten Decision*, at 25–27.

We disagree with Baker Hughes that this finding by
the Board obviates any need to vacate and remand for fur-
ther proceedings. Although we agree with Baker Hughes
that the Board's finding might cut against the persuasive
force of LSPI's evidence of secondary considerations, the
applicability of this finding is for the Board to consider in
the first instance.

The parties dispute the appropriate scope of the re-
mand. As an initial matter, we agree with LSPI that all
relevant evidence must be considered before any legal con-
clusion of obviousness can be reached. *Stratoflex, Inc. v.
Aeroquip Corp.*, 713 F.2d 1530, 1538 (Fed. Cir. 1983). And
we agree with LSPI that the burden of persuasion on the
ultimate question of obviousness remains at all times with
the patent challenger. *Id.* at 1534.

LSPI additionally contends that we should instruct the
Board to revisit "all facets of the obviousness inquiry," in-
cluding without limitation the Board's analysis on whether
there was a motivation to combine, whether there was a
reasonable expectation of success, whether the proposed
combination is based on hindsight, and whether LSPI's in-
vention yielded a predictable result. Appellant's Br. 59.

4    LIQUIDPOWER SPECIALTY PRODUCTS v. BAKER HUGHES, A GE
COMPANY

Baker Hughes counters that any remand should be limited to "weighing the objective indicia evidence."  Appellee's Br. 57.  We agree with Baker Hughes.

## VACATED AND REMANDED

C{osts}

Costs to appellant.